UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| ESTATE OF ROGER THACKER, by its Administratrix, Sherry Thacker, and SHERRY THACKER, Individually, | )<br>)<br>) Case No. 1:09-cv-278 |
| *Plaintiff,* | )<br>)<br>) Judge Mattice |
| v. | )<br>) Magistrate Judge Lee |
| CHURCH TRANSPORTATION & LOGISTICS INC., DANNY EVANS, WILLIAM HEATER, LESLIE MCGUINN, FREIGHTLINER CORPORATION, and DAIMLER TRUCKS NORTH AMERICAN, LLC, | )<br>)<br>)<br>)<br>) |
| *Defendants.* | ) |

**MEMORANDUM AND ORDER**

Presently before the Court is Plaintiffs' Motion to Amend the Complaint pursuant to Fed. R. Civ. P. 15(a)(2) and E.D. Tenn. LR. 15.1 [Court Doc. 30] and Magistrate Judge Lee's Order on Daimler Trucks North America LLC's Motion for Plaintiffs' Complaint to Comply with the Tennessee Products Liability Act [Court Doc. 42.] For the reasons explained below, the Plaintiffs' Motion to Amend the Complaint [Court Doc. 30] will be **GRANTED**, and Plaintiff is **ORDERED** to comply with the terms of Judge Lee's Order [Court Doc. 42.]

**I.    LEGAL STANDARDS**

Under Federal Rule of Civil Procedure 15(a), "the court should freely give leave [to amend] when justice so requires." "[U]ndue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed,

undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment" are among the reasons that a court may deny leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962). An amendment would be futile where it "would not survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *Campbell v. BNSF Ry. Co.*, 600 F.3d 667, 677 (6th Cir. 2010) (citing *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir.2000)).

Motions to amend are frequently heard in conjunction with motions to dismiss, and common uses of Rule 15(a) include amending "to cure a defective pleading," "to correct insufficiently stated claims or defenses," or "to change the nature or theory of the party's claim." 6 Charles Alan Wright et al., Fed. Prac. & Proc. § 1474 (3rd ed. 2010). In fact, "when the omission of a critical allegation in a complaint is highlighted by a defendant's motion to dismiss, the appropriate method for adding new factual allegations is to request leave to amend the complaint in conjunction with responding to the motion to dismiss." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 521 (6th Cir. 2008) (citing *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 328 (6th Cir. 2006)).

**II. FACTS**

On October 29, 2009, Plaintiffs filed the instant action, alleging that Defendants' negligence contributed, in various ways, to the death of Roger Thacker, and that Plaintiffs were entitled to recover damages as a result. On February 11, 2010, Defendants Church Transportation & Logistics, Inc. and Danny Evans (hereinafter "the Church/Evans Defendants") filed a Motion to Dismiss, which included allegations that the pleading was factually insufficient. (Court Doc. 12) On March 19, 2010, Plaintiffs filed a Motion to Amend

Complaint, in which they sought to incorporate the results of a police toxicology report relating to Defendant Danny Evans and the factual and legal allegations stemming from that report. (Court Doc. 30.) Though not explicitly in response, to Defendants' Motion to Dismiss, it was very filed close in time and contemporaneously with a motion for an extension of time to respond to the Church/Evans Defendants' motion to dismiss, and the Church/Evans Defendants were the only defendants to respond to the motion to amend.

Three days after Plaintiffs filed their motion to amend, on March 22, 2010, Defendant Daimler Trucks North America, LLC (hereinafter "DTNA") filed a Motion and Memorandum for Plaintiffs' Complaint to Comply with TPLA. (Court Doc. 33.) Magistrate Judge Lee set a hearing, both on the Motion to Amend Complaint (Court Doc. 32) and DTNA's motion (Court Doc. 35), but eventually cancelled the former hearing and proceeded only on DTNA's motion (Court Doc. 40.) The hearing on DTNA's motion was cancelled, however, after the parties reached an agreement as to DTNA's motion, and on April 15, 2010, Judge Lee issued an order incorporating this agreement and ordering Plaintiffs to amend their pleading within 14 days of entry of the order. (Court Doc. 42.) The deadline imposed by that order, April 30, 2010, passed without Plaintiffs amending their pleading to comply with the TPLA.

On September 3, 2010, the Court emailed counsel for the parties to set up an informal conference call to discuss the status of pending motions, including Plaintiff's failure to comply with Judge Lee's order. On September 8, 2010, counsel for the Church/Evans Defendants advised the Court that his clients had settled the claims asserted against them by Plaintiff, and on September 23, 2010, the Court entered an agreed order of dismissal incorporating this agreement and dismissing Plaintiffs' claims

against the Church/Evans Defendants with prejudice. (Court Doc. 68.)  On September 9, counsel for Defendants William Heater and Leslie McGuinn notified the Court that his clients likewise had settled the claims asserted against them by Plaintiff, and on October 4, 2010, the Court entered an agreed order of dismissal incorporating this agreement and dismissing Plaintiffs' claims against Defendants William Heater and Leslie McGuinn with prejudice. (Court Doc. 69.)

Despite these notices of settlement received prior to the phone call, the Court still held the conference call, in part to discuss Plaintiff's outstanding motion to amend and Plaintiffs' failure to comply with Judge Lee's April 15, 2010 order. Plaintiffs advised the Court that the necessary agreed orders of dismissal would be filed to reflect the settlement notices already received by the Court, and Plaintiffs advised the Court that it believed all other outstanding motions would soon be moot, due to settlement with the remaining parties, DTNA and Freightliner Corp.  Though the agreed orders were received and signed by the Court, no notice of settlement with DTNA or Freightliner Corp. was ever received. On October 4, 2010, the Court contacted again counsel for Plaintiff to inquire about the outstanding motions, and again counsel advised the Court that he believed the issues would soon be moot due to settlement.  As of the date of this order, no notice of settlement has been received, and Plaintiff has not attempted to amend the complaint to comply with The TPLA in accordance with Judge Lee's April 15, 2010 order.

### III.    ANALYSIS

Because the Court should give leave to amend freely under Fed. R. Civ. P. 15(a), and because Plaintiffs' Motion to Amend Complaint is now unopposed, the Court will grant Plaintiffs' motion to amend.  The Court is aware, however, the Plaintiffs have repeatedly

failed to comply with Judge Lee's order of April 15, 2010, ordering Plaintiffs to amend their complaint to comply with the TPLA. Therefore, the Court will not adopt the proposed Amended Complaint submitted by the Plaintiffs as Exhibit 1 to their Motion to Amend Complaint (Court Doc. 30-1) and instead will order that Plaintiffs alter the proposed Amended Complaint such that it complies with Judge Lee's April 15, 2010 order.

**IV. CONCLUSION**

For the reasons outlined above, Plaintiffs' Motion to Amend Complaint [Court Doc. 30] is **GRANTED**. Plaintiffs are hereby **ORDERED** to alter the proposed amended complaint submitted with their Motion to Amend Complaint [Court Doc. 30-1] to comply with Magistrate Judge Lee's Order of April 15, 2010 [Court Doc. 42] and to submit said altered amended complaint to the Court **within 14 days** of the entry of this Order. Because Plaintiffs have repeatedly failed to obey this order, Plaintiffs are hereby put **ON NOTICE** that their failure to comply with the terms of this Order may result in the involuntary dismissal of their complaint against the remaining defendants for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b).

SO ORDERED this 5th day of November, 2010.

                                                                  /s/Harry S. Mattice, Jr.
                                                                  HARRY S. MATTICE, JR.
                                                                  UNITED STATES DISTRICT JUDGE